UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24525-BLOOM/Otazo-Reyes

DOUGLAS LONGHINI,

      Plaintiff,

v.

JYMD FOOD CORP., *d/b/a* Price Choice
Food Market #8,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant's Notice of Intent to Remediate and Motion to Stay, ECF No. [7] ("Motion"). Plaintiff filed a response in opposition, ECF No. [13] ("Response"), to which Defendant filed a reply, ECF No. [15] ("Reply"). The Court has considered the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On November 3, 2020, Plaintiff filed the initial Complaint seeking injunctive relief for Defendant's alleged violations of the Americans with Disabilities Act ("ADA") by failing to make its supermarket facilities accessible to physically disabled individuals like Plaintiff. ECF No. [1]. On December 2, 2020, Plaintiff filed the operative First Amended Complaint, ECF No. [15]. According to the First Amended Complaint, Plaintiff has cerebral palsy and requires a wheelchair to ambulate, and he is limited in one or more of life's major activities, including walking, standing, grabbing, and grasping. *Id.* at ¶ 6. On October 9, 2020, Plaintiff visited Defendant's supermarket store located at 4500 N.W. 183rd Street, Miami Gardens, Florida but encountered certain architectural barriers, including at the ticket counter and in the public restroom. *Id.* at ¶¶ 10-15.

Specifically, Plaintiff could not reach the ticket counter, the toilet compartment was inaccessible without assistance, Plaintiff was exposed to a cutting/burning hazard because lavatory pipes were unwrapped, and he could not transfer to the toilet without assistance because of an obstructing trash can and a too-short rear grab bar that had objects mounted less than twelve inches above it. *Id.* at ¶ 15. He also alleges that Defendant engages in a policy and/or procedure of failing to maintain in operable working condition the above-mentioned features located within the supermarket. *Id.* at ¶ 16.

Plaintiff maintains that he intends to return to the subject facilities but still cannot access significant portions of the supermarket and enjoy goods and services available to the public. *Id.* at ¶¶ 9, 12, 14, 20-21. He brings a single count for injunctive relief seeking, among other things, an order to make all readily achievable alterations to the facilities and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities. *Id.* at ¶ 48 (B).

On November 25, 2020, Defendant filed the instant Motion, seeking to stay the case because Defendant previously retained an ADA expert who prepared a report on September 20, 2020 addressing ADA-compliance issues at the facilities, and Defendant plans to remediate the property in accordance with the report. ECF No. [7] (citing ECF No. [7-1]). Plaintiff opposes, arguing that while it is undisputed that Defendant has taken "some proactive steps," "simply having a report prepared, absent other actions, [is] insufficient to stay these proceedings." ECF No. [13] at 1-2. He adds that the Motion is premature because not all allegations raised in his pleading have been addressed by Defendant's report,[1] there is no "definite timeline" for Defendant

---

[1] Plaintiff's expert has reviewed Defendant's ADA report and compared it to Plaintiff's initial

to complete remediation, and Defendant's current remedial plan cannot moot the case. *Id.* at 2-4. On December 2, 2020, Plaintiff filed the First Amended Complaint, which pleading does not allege new barriers or additional ADA-noncompliance matters at the facilities compared to the initial pleading, which formed the backdrop of the Motion.

"Title III of the ADA prohibits discrimination in public accommodations and gives specific guidance to that end." *See Gomez v. Dade Cnty. Fed. Credit Union*, 610 F. App'x 859, 860 (11th Cir. 2015). Any person who owns, leases, or operates "a place of public accommodation" is subject to the ADA's "'clear, strong, consistent, enforceable standards.'" *See id.* (quoting 42 U.S.C. § 12101(a)(7)); *see also* 42 U.S.C. § 12181(7)(E) (defining public accommodation as a "grocery store"). No administrative process exists to ensure ADA compliance;[2] rather, "private attorney general" suits are "the most common form" of ADA enforcement. *See Gomez*, 610 F. App'x at 861 n.1 (citing 42 U.S.C. §§ 12188(a)(1) and 2000a–3(a)).

"[A] court may exercise its inherent discretionary authority to stay cases to control its docket and in the interests of justice and efficiency." *Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994); *cf. Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264-65 (11th Cir. 2000). "A stay of proceedings is generally in the court's discretion. It is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others." *Dunn v.*

---

report. ECF No. [16-1]. Plaintiff's expert does not specify any issues that are not addressed by Defendant's report other than to assert that Plaintiff's allegation that a ticket counter is too high also refers to the ticket dispenser at the meat department, and that he has not examined numerous documents related to remediation and the facilities. *Id.*

[2] Before filing an ADA enforcement action, private plaintiffs need not provide defendants with pre-suit notice or an opportunity to cure the alleged ADA violation. *See* 28 C.F.R. § 36.501(a) (providing that private plaintiffs need not "engage in a futile gesture if the person has actual notice that" the defendant "does not intend to comply with" the ADA).

*Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993) *aff'd*, 193 F.3d 1185 (11th Cir. 1999) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")). District courts' discretion, in this respect, is necessarily "broad." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court." *Brent v. Source Interlink Distribution, LLC*, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014).

Upon review, the Court exercises its broad discretion and agrees with Plaintiff that a motion to stay is premature and otherwise unwarranted. First, as this Court previously noted, "the laudable goals of the ADA could be frustrated were courts to routinely grant motions to stay in order to provide ADA defendants the opportunity to assess and remediate their properties." *Kennedy v. Del Viso, LLC*, No. 15-80699-CIV, 2015 WL 13554981, at *2 (S.D. Fla. Sept. 11, 2015) (quoting *Larkin v. Winn-Dixie Stores, Inc.*, No. 6:15-CV-773-ORL-37, 2015 WL 4496172, at *2 (M.D. Fla. July 23, 2015) (staying case in the "unique" circumstance that nothing would be "gained by repeating the inspection and expert report processes in this action" because of a recent "virtually identical ADA action")). *See also Raetano v. Kally K's, Inc.*, No. 808-CV-02104-EAK-TGW, 2009 WL 651808, at *6 (M.D. Fla. Mar. 12, 2009) (denying defendant's motion "to stay all proceedings for the purpose of identifying barriers and developing a remediation plan" because defendant did "little to advance the Court's belief that it [would be] in the interests of justice to" do so, and citing the ADA's legislative intent to redress discrimination against individuals on the

basis of disability as a key balancing factor). In this regard, while the Court commends Defendant's partial efforts to resolve ADA-noncompliance matters at the property, Defendant has not filed an answer admitting to the allegations in the First Amended Complaint and in fact denies material allegations regarding alleged barriers and ADA noncompliance, *see* ECF No. [18]. As Plaintiff states, not all of the issues in the pleading have been addressed by Defendant's report. Second, while the Court does not "blindly accept" a representation that a defendant "intends to remediate the property over some unspecified or tenuous time period," ECF No. [13] (quoting *Gomez v. Empower "U", Inc.*, No. 17-CV-22633, 2017 WL 4919224, at \*2 (S.D. Fla. Oct. 31, 2017)), in this case, Defendant does not provide any period or a fixed timeline for when it intends to complete the remediation measures identified by its expert. Thus, rather than streamline trial, staying the case will likely only "complicate issues going forward" and prejudice Plaintiff in "postponing the relief [he] seeks." *Kennedy*, 2015 WL 13554981, at \*2 (denying motion to stay where defendant argued that it needed a ninety-day extension and stay "to work with a contractor to create a barrier implementation plan that would bring the subject property into ADA compliance").

Third, that Defendant has voluntarily hired an ADA expert and identified noncompliance issues at its facilities does not moot this case. "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Atty. Gen.*, 468 F.3d 763, 768 (11th Cir. 2006). "A federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Harrell v. The Florida Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, (1992)). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft,* 273

F.3d 1330, 1335 (11th Cir. 2001) (quoting *Adler v. Duval County Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997)).

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehabilitative Servs.,* 225 F.3d 1208, 1216–17 (11th Cir. 2000) (quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id.* (quoting *Ethredge v. Hail,* 996 F.2d 1173, 1175 (11th Cir. 1993)). In this respect, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *Nat'l Adver. Co. v. City of Miami,* 402 F.3d 1329, 1333 (11th Cir. 2005) (quotation omitted); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189, 120 (2000). "Otherwise a party could moot a challenge to a practice simply by changing the practice during the course of the lawsuit, and then reinstate the practice as soon as the litigation was brought to a close." *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.,* 162 F.3d 627, 629 (11th Cir. 1998). "The voluntary-cessation doctrine is an exception to the general rule that a case is mooted by the end of the offending behavior." *Houston v. 7–Eleven, Inc.,* 2014 WL 351970, at *2 (S.D. Fla. Jan. 31, 2014) (citing *Sheely v. MRI Radiology Network, P.A.,* 505 F.3d 1173, 1183 (11th Cir. 2007)).

Moreover, a defendant "bears a heavy burden of demonstrating that his cessation of the challenged conduct renders the controversy moot." *Rich v. Sec'y, Fla. Dep't of Corr.,* 716 F.3d 525, 531 (11th Cir. 2013) (quoting *Harrell,* 608 F. 3d at 1265). "To satisfy this burden, a defendant must demonstrate both that (1) no reasonable expectation exists that the alleged violation will recur, and (2) 'interim relief or events have completely and irrevocably eradicated the effects of

the alleged violation.'" *Alumni Cruises, LLC v. Carnival Corp.*, 987 F. Supp. 2d 1290, 1302 (S.D. Fla. 2013) (quoting *Harrell*, 608 F. 3d at 1265). A defendant's burden is only met where it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F. 3d 1117, 1131 (11th Cir. 2005) (citation omitted); *see Access 4 All, Inc. v. Bamco VI, Inc.*, 2012 WL 33163, at *5-6 (S.D. Fla. Jan. 6, 2012); *Sheely*, 505 F.3d at 1184 ("The formidable, heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.") (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)) (quotation marks omitted).

Here, Defendant's pre-suit retention of its expert has not mooted this case. Indeed, while Defendant represents that it intends to proceed with remediations at its property, that does not divest this Court of jurisdiction nor resolve the issues and challenged conditions at bar. Further, Plaintiff has yet to formally inspect the property and to complete and exchange his report regarding existing noncompliance matters. The Court, therefore, agrees with Plaintiff that absent a rebuttal report, at this time Plaintiff is unable to "provide a complete expert opinion on whether [Defendant's] proposed remediation are sufficient to bring the facility into compliance." ECF No. [13] at 2. Moreover, Defendant fails to show "either a 'clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others." *Dunn*, 836 F. Supp. at 1584. Therefore, Defendant has not convinced the Court that the interests of efficient and expedient case resolution are promoted by a stay.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [7]**, is **DENIED**. The parties are reminded that the joint scheduling report is due by today, **December 16, 2020**. *See* ECF Nos. [4] and [7].

Case No. 20-cv-24525-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 16, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record